BRANDT et al. v. UNITED STATES et al.

Civ. No. 74–52.

District Court of Guam.

March 5, 1953.

Lyle H. Turner, Agana, Guam, for plaintiff.

John P. Raker, U. S. Atty., Agana, Guam, for United States.

Robertson, Castle & Anthony, Honolulu, Hawaii, Finton J. Phelan, Jr., Agana, Guam, for Club Tropicana, et al.

SHRIVER, District Judge.

This action was brought under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) and Public Law 17, First Guam Legislature, against the United States, Club Tropicana, and other defendants. Both the United States and the other defendants moved to dismiss the amended complaint as against all defendants, except the United States, upon the ground that the United States may not be joined with other defendants in a direct action as a joint tort-feasor and cannot be joined with employees of the United States. At the hearing on the motion to dismiss the plaintiffs expressed a desire to file a second amended complaint. Permission was granted but the plaintiffs failed to file such second amended complaint in time and on motion it was stricken.

The question was not raised by the parties but inquiry is indicated as to whether the District Court of Guam has jurisdiction over the United States under the Federal Tort Claims Act. At the time of the passage of the Act and amendments thereto the District Court of Guam was not in existence. It was created by the Organic Act of Guam, approved Aug. 1, 1950, 48 U.S.C.A. § 1424(a), 64 Stat. 389 which provides:

"There is created a court of record to be designated the 'District Court of Guam', and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of Title 28, and shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam."

28 U.S.C.A. § 1346(b) provides:

"Subject to the provisions of chapter 171 of this title, the district courts, together with the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Any doubt as to whether the Congress intended to vest jurisdiction in the District Court of Guam under the F. T. C. A., in the absence of specific mention, would appear to be resolved by the wording in 48 U.S.C.A. § 1424(a) that:

"The District Court of Guam shall have, in *all* causes arising under the laws of the United States, the jurisdiction of a district court of the United States * * *." (Emphasis supplied.)

In International Longshoremen's and Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237, 72 S.Ct. 235, 239, 96 L.Ed. 275, the Supreme Court was considering in connection with other legislation the status of the District Court for the Territory of Alaska. In holding that such court had the required jurisdiction it stated:

"But since Congress lifted the restrictive requirements which might pre-

clude suit in courts having the district courts' jurisdiction, we think it is more consonant with the uniform, national policy of the Act to hold that those restrictions were lifted as respects all courts upon which the jurisdiction of a district court has been conferred. That reading of the Act does not, to be sure, take the words 'district court of the United States' in their historic, technical sense. But literalness is no sure touchstone of legislative purpose. The purpose here is more closely approximated, we believe, by giving the historic phrase a looser, more liberal meaning in the special context of this legislation."

It will be noted that Section 1424(a), supra, which created the District Court of Guam contains possible ambiguities as to the degree of local jurisdiction the Congress intended to confer upon it. In Public Law 17, First Guam Legislature, approved Aug. 9, 1951, 1 Guam Leg. 36, the Act provided:

"Section 62. Original jurisdiction. Under Section 22(a) of the Organic Act of Guam the District Court of Guam has the original jurisdiction of a district court of the United States and has original jurisdiction in all other causes in Guam except those over which original jurisdiction has been transferred to and vested in the Island Court by Section 82 of this title. If it appears that an action or proceeding brought in the District Court is actually within the jurisdiction of the Island Court the District Court shall transfer it to the Island Court for hearing and determination."

Section 82(4) vests in the Island Court of Guam jurisdiction, exclusive of the District Court:

"In all cases at law under the laws of Guam in which the demand, exclusive of interest and costs, or the value of the property in controversy does not amount to more than $2000, except cases which involve the legality of any tax, impost, assessment, toll or fine."

Since the demand in the present case is greatly in excess of $2000, the District Court of Guam has jurisdiction as regards defendants other than the United States and now holds that it has jurisdiction over the United States under the Federal Tort Claims Act.

May the United States be joined with other defendants as a joint tort-feasor? Prior to the opinion in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 63, 95 L.Ed. 595, the weight of authority appeared to be against such joinder, both for procedural reasons and in an effort to construe strictly the waiver of sovereignty by the United States. The Yellow Cab case affirmed Howey v. Yellow Cab Co., 3 Cir., 181 F.2d 967, 972, Chief Judge Biggs reviewed the history of the F. T. C. A. including the various opinions and concluded:

"Upon consideration of all these factors we conclude that the F. T. C. A. must be construed to have authorized suits against the United States not only when the United States was the sole or single defendant but also when the United States was joined with another defendant or defendants. Though there is room for doubt our conclusion expresses our best judgment in respect to the issue involved. But can contribution be exacted from the United States under the F. T. C. A. in the cases at bar? This is a closely allied question."

United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 63, 95 L.Ed. 595, involved the question as to whether a United States District Court could require the United States to be impleaded as a third party defendant and to answer the complaint of a joint tort-feasor for contribution as if the United States were a private individual. In affirming the Court of Appeals, the Supreme Court held that it could. While the opinion was limited to that question it would appear that the language used provided an authoritative guide in those instances when the United States is joined in a direct action with other defendants, and more particularly the quotation from United

States v. Aetna Surety Co., 338 U.S. 366, 383, 70 S.Ct. 207, 216, 94 L.Ed. 171:

"In argument before a number of District Courts and Courts of Appeals, the Government relied upon the doctrine that statutes waiving sovereign immunity must be strictly construed. We think that the congressional attitude in passing the Tort Claims Act is more accurately reflected by Judge Cardozo's statement in Anderson v. [John L.] Hayes Construction Co., 243 N.Y. 140, 147, 153 N.E. 28, 29-30: 'The exemption of the sovereign from suit involves hardship enough, where consent has been withheld. We are not to add to its rigor by refinement of construction, where consent has been announced.'"

It is difficult to perceive any fundamental reason why the United States cannot be joined directly under the F. T. C. A. by the plaintiffs if it can be impleaded by a defendant who seeks contribution. The issue to be joined is whether the United States is liable solely or in part for the alleged tort, an issue which must be resolved in any event, and, it is suggested, most satisfactorily resolved when all of the parties are before the court in one proceeding. In the instant case the plaintiffs alleged in their first cause of action that the defendant Club Tropicana is an instrumentality of the defendant United States of America and that it was organized, created and maintained for the purpose of providing recreation to enlisted members of the armed forces of the United States, and other authorized patrons and guests, and that the club is located upon a Naval reservation of the United States, Territory of Guam. It is then alleged that such instrumentality was so negligently operated that one of the plaintiffs fell through a doorway and down a flight of stairs. The second cause of action alleges that the Club Tropicana was and is an association of individuals doing business under a fictitious name and joins as defendants the officers of such club and members. The plaintiff's theory appears to be an alternative one, namely that the United States was operating an Enlisted Men's club through an instrumentality which in turn was governed by employees of the United States acting in the course of their employment, or that it was not such an instrumentality and such employees were not acting in the course of their employment but were members of or engaged in the operation of an unincorporated association. It is noted that Sec. 388, Code of Civil Procedure of Guam permits suits against unincorporated associations doing business under a common name. This section was taken from the then California Code and was construed in Jardine v. Superior Court, 213 Cal. 301, 2 P.2d 756, 79 A.L.R. 291. See also United States v. Johnson, 9 Cir., 181 F.2d 577, on construction of Guam Code provisions when taken from the California Code.

This opinion does not attempt to determine the relationship of the defendant Club Tropicana to the United States or any question as to whether individual defendants were employees of the United States acting on behalf of the United States. Nor is it necessary under the present motions to consider whether employees can be joined with the United States. 28 U.S.C.A. § 2671 defines who are employees of the Government for tort claim purposes and section 2676 bars any action, after judgment, against the employee of the Government whose act or omission gave rise to the claim.

■ In overruling the pending motion to dismiss all defendants except the United States, the Court simply holds:

(1) That it has jurisdiction over all the parties, and

(2) Under the terms of the Federal Tort Claims Act the United States may be joined in an original action with other defendants.

It is ordered that:

The defendants be given twenty days in which to answer the plaintiffs' complaint.