**Willene HOWARD, Plaintiff,**

v.

**UNITED STATES of America and Creed Shockley, Defendants.**

**Civ. A. No. 613.**

United States District Court
E. D. Tennessee,
Winchester Division.

Feb. 11, 1963.

Frank Davenport, McMinnville, Tenn., for plaintiff.

Walter M. Haynes, Winchester, Tenn., Thomas A. Wiseman, Jr., Tullahoma, Tenn., for defendant Shockley.

J. H. Reddy, U. S. Atty., Ottis B. Meredith, Asst. U. S. Atty., Chattanooga, Tenn., for defendant United States.

NEESE, District Judge.

This action was brought by the plaintiff Mrs. Howard who claims that she was injured when she fell on premises being utilized as the United States Post Office in Spencer, Tennessee. She proceeds against the United States for negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 and 2674, and joins the landowner Shockley as a co-defendant. Shockley now moves for a dismissal of the action against him.

This raises the question of the court's jurisdiction to try the issues as between the plaintiff Howard and the defendant Shockley. There are difficulties in a joinder of two defendants where one claim arises under the Federal Tort Claims Act and the other is the usual negligence claim because the Seventh Amendment guarantees the plaintiff Howard a trial by jury on her demand, while the Government has consented to be sued in tort only where the issues are to be tried by a United States District Judge. These difficulties are not insurmountable, however. United States v. Yellow Cab Company (1951), 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, 527, 532–533.

But this Court need not concern itself with that problem, since it is stipulated in the (amended) pretrial order in this case that the plaintiff Howard and the defendant Shockley are both citizens of Tennessee, and " * * * the mere assertion of a claim by the plaintiff( ) against the United States is insufficient to create jurisdiction over a separate claim against (an) individual defendant( ) where there is no diverse citizenship as between the plaintiff( ) and (that) defendant( )." Wasserman v. Peruqini, C.A. 2nd (1949), 173 F.2d 305, 306; see also United States v. Lushbough, C.A.8th (1952), 200 F.2d 717, 721.

The second ground of the defendant Shockley's motion to dismiss will be sustained, and the cause against him dismissed for want of jurisdiction. 28 U. S.C. § 1332. Any allegation as to this defendant will be stricken from the complaint, and the action will proceed to

trial without a jury as if the action were originally filed against the United States alone. Benbow v. Wolf, C.A.9th (1954), 217 F.2d 203, 205.

Counsel for Shockley will submit an appropriate order consistent with this opinion and with the local rules of this court within ten (10) days.