Edward C. **ABDELNOUR**, Plaintiff,

v.

**COGGESHALL & HICKS**, a co-partnership, and George Szabo, Defendants.

No. 68 Civ. 2745.

United States District Court
S. D. New York.

Aug. 14, 1968.

Davis J. Stolzar, New York City, for plaintiff.

Windels, Merritt & Ingraham, New York City, for defendants; by Francis E. Koch, New York City, of counsel.

## OPINION

POLLACK, District Judge.

Defendants move to dismiss the Second and Third Claims herein (denominated "Causes of Action" in the complaint) for lack of subject matter jurisdiction. F.R.Civ.P. 12(b) (1). These are concededly state-created claims and there is no diversity of citizenship. It is asserted that these claims are pendent to the First Claim which is grounded, allegedly, on the federal securities laws, 15 U.S.C. §§ 77e and 78j.

A federal court is not permitted to assume jurisdiction of a separate and distinct non-federal cause of action merely because it is between the same parties and joined in the same complaint with a federal cause of action. Hurn v. Oursler, 289 U.S. 238, 245–246, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). The facts alleged here are the following.

The plaintiff an employee of a subsidiary of Lyntex Corporation, maintained a margin account with defendants, stockbrokers, and he ordered them to sell for his account, 2,500 shares of Lyntex stock. At the time, plaintiff was not the legal owner of that stock but he was an optionee of 5,000 Lyntex under the terms of that company's Employees Stock Option Plan; he intended to cover the sale and make delivery of the securities sold through exercise of his option.

Shortly after the sale, plaintiff allegedly came to the legal conclusion that defendants had induced the sale by misrepresentations and that by making the sale he had violated the federal securities laws as well as the laws of New York because he had sold stock at a time when no registration statement was in effect with respect to such shares. The plaintiff thereupon announced to the defendants that he elected to rescind the

sale made for his account and he demanded his money and security balances on deposit in his margin account. The brokers thereupon bought in 2,500 Lyntex on June 13, 1968, with funds obtained from the liquidation of other securities carried by defendants in plaintiff's account with them. The plaintiff claims that this liquidation was a conversion of his securities and that he sustained monetary damages from the misrepresentations and acts of the defendants.

The misrepresentation charged by plaintiff which he says induced him to make a sale of Lyntex stock through defendants is that the defendants' representative had agreed that before he would accept an order from plaintiff to sell his shares for him he would have defendants' attorneys examine the plaintiff's option and advise the plaintiff whether he could legally sell the optioned shares; and that thereafter, plaintiff was told he could legally sell the 2,500 shares in the market.

The plaintiff asserts that these representations were untrue and made to induce him to make the sale through defendants so they could earn a commission and that plaintiff relied thereon to his damage.

No motion has been directed by the defendants to the First Claim. However, under plaintiff's theory of that claim as expressed in the complaint, it is difficult to perceive the existence of a federal claim under either of the Securities Acts. There is no allegation that the transactions occurred in interstate commerce and so far as concerns the '33 Act, that plaintiff purchased any securities from defendants.

Where a federal cause has been asserted, the Court has the power to hear all controversies between the parties without regard to their federal or state character if "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding". United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In the case cited, the Supreme Court made clear that this power need not be exercised in every case in which it is found to exist and that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.

The issue whether a Court should assume pendent jurisdiction is one which remains open throughout the litigation. Should it appear in the course of the litigation "that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed". Id. at 727, 86 S.Ct. at 1140.

Utilizing considerations of judicial economy, convenience and fairness to litigants and, at this posture of the case, viewing the complaint most favorably to plaintiff the Court cannot conclude that plaintiff has failed to meet the requirements for pendent jurisdiction. Both the federal and non-federal claims can be said to derive from a "common nucleus of operative fact"— viz., defendants' alleged misrepresentation. Cf. Lapidus v. Jesup & Lamont, 276 F.Supp. 762 (S.D.N.Y.1967). The substantive merit of the claims, however doubtful, is not a subject for present determination.

Defendants' motion to dismiss the "Second" and "Third" causes or claims in the complaint, is therefore denied, without prejudice to renewal in the event that it becomes apparent that the state claim is the core of the controversy.

So ordered.