**Barbara Jean HOLDEN, Plaintiff,**

v.

**COMMONWEALTH OF AUS-
TRALIA et al., Defendant.**

**No. C–73 1313 ACW.**

United States District Court,
N. D. California.

Jan. 23, 1974.

J. Adrian Palmquist, Alameda, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for United States. Brian B. Denton, Asst. U. S. Atty.

John E. Anderton, San Francisco, Cal., for Australia.

## ORDER DISMISSING PARTIES

WOLLENBERG, District Judge.

This is an action to recover damages for injuries allegedly suffered as a result of a collision between the car in which plaintiff was riding and a car owned by the United States.

■ The Commonwealth of Australia moves to dismiss for lack of jurisdiction over the person. F.R.Civ.P. Rule 12(b)(2). The record indicates that process was served on the Consul General for the Commonwealth of Australia in San Francisco. It is settled that, with at least one exception, Petrol Shipping Corp v. Kingdom of Greece, 360 F.2d 103 (2d Cir. 1966), a consul is not an agent of the country he represents for the purpose of receiving service of process. Purdy Co. v. Argentina, 333 F.2d 95 (7th Cir. 1964). Accordingly, the complaint will be dismissed as to the Commonwealth of Australia.

■ The United States moves to dismiss all defendants except the United States on the ground that the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., prohibits the United States from being joined with any other defendants. Authority on this proposition is scarce, and what exists is neither recent nor consistent. Although it was held in Uarte v. United States, 7 F.R.D. 705 (S.D.Cal.1948), that the government must be the sole defendant in an action under the Federal Tort Claims Act, the Ninth Circuit Court of Appeals held in Benbow v. Wolf, 217 F.2d 203 (9th Cir. 1954), that *Uarte* was reversed by the Supreme Court in United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951). Accordingly, it is the rule in this Circuit that under proper circumstances other parties may be joined with the United States as defendants in actions under the Federal Tort Claims Act.

■ In Paragraph 3 of her complaint plaintiff alleges that defendants Nicholson and Ross were at all times relevant to this action "agents, servants and employees" of the United States. Under the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e), the United States has assumed responsibility for its employees who become involved in automobile accidents while acting within the scope of their duties. That Act provides that the exclusive remedy available in the event of such an accident is an action against the United Staes, and the employees of the United States are immune from liability in a civil action. Van Houten v. Ralls, 411 F.2d 940 (9th Cir. 1969); Noga v. United States, 411 F.2d 943 (9th Cir. 1969). Accordingly, all defendants named in this action as "agents, servants and employees" are improperly joined with the United States under 28 U.S.C. § 2679(b) and must be dismissed.

For the reasons stated above, it is hereby ordered that the complaint in this action is dismissed as to the Commonwealth of Australia, I. H. Nicholson, and Donald J. Ross.