**Cecil MARTIN, Plaintiff-Appellee,**

v.

**LOUISIANA & ARKANSAS RAILWAY COMPANY, Defendant-Appellant.**

**Jerry BRIGMON, Plaintiff-Appellee,**

v.

**LOUISIANA & ARKANSAS RAILWAY COMPANY, Defendant-Appellant.**

No. 74–4089.

United States Court of Appeals, Fifth Circuit.

July 23, 1976.

Rehearing and Rehearing En Banc Denied Sept. 24, 1976.

Scott Baldwin, Marshall, Tex., Gilbert I. Low, Beaumont, Tex., for Martin & Brigmon.

Before GODBOLD and RONEY, Circuit Judges, and FREEMAN, District Judge.

RONEY, Circuit Judge:

The defendant railroad appeals two substantial money judgments against it for personal injuries. The appeal raises questions of subject matter jurisdiction, alleged error in awarding a verdict on the negligence cause of action, findings of fact asserted to be clearly erroneous, and excessiveness of the damages awarded to one plaintiff. We affirm.

Plaintiffs Martin and Brigmon originally filed separate actions for personal injuries they received while unloading railroad cars delivered by defendant to the premises of International Paper Company, plaintiffs' employer, in Cullen, Louisiana. The injuries were not related and did not happen on the same day. Each complaint alleged two causes of action: one under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 *et seq.*; and one for negligence under Louisiana law. In accordance with the suggestion of all parties, the two cases which raised identical legal issues were consolidated for nonjury trial.

Without deciding the question of liability under FELA, the district court decided the case on the negligence cause of action and found that the railroad was guilty of various acts of negligence, including the failure to furnish plaintiffs with railroad cars which were free from defects. It rendered judgments for Brigmon and Martin in the sums of $87,000 and $121,791.95, respectively.

The initial issues with which we are faced concern federal court jurisdiction of the negligence claims, and the basic fairness of a decision based on negligence without a determination of the FELA claims. Al-

Bryan J. McGinnis, Beaumont, Tex., for defendant-appellant.

though the complaints adequately alleged diversity jurisdiction and the pretrial order specified both FELA and 28 U.S.C.A. § 1332 jurisdiction, the nonjury proceeding focused for the most part on the fact issues pertaining to defendant's FELA liability. At the time of trial, all parties considered the state cause of action to be barred by the one-year Louisiana prescriptive statute. Prior to the entry of the order, however, the district court was apparently persuaded that the law of the forum, Texas, applied. *See Culpepper v. Daniel Industries,* 500 S.W.2d 958 (Tex.Civ.App.1973). Texas has a two-year statute of limitations on negligence actions within which period these actions were brought. Defendant asserts that the plaintiffs had abandoned state negligence grounds for recovery, that almost all of the testimony presented concerns whether or not the plaintiffs were doing such work as would bring them under the FELA, and that the defendant did not have a fair chance to defend on the negligence claims. Thus, the defendant asserts that the findings of facts and conclusions of law pitched solely on Louisiana law of negligence are clearly erroneous.

The defendant's characterization of the case as tried before the district court is largely correct. The FELA issue on which the parties focused their attention turned on whether plaintiffs were covered by the Act as nonemployees of the railroad. Before finally deciding the case, however, the district court entered an order indicating the direction it was taking and opening the case for any further evidence on liability which either party wanted to bring forward. It is this order which defeats the arguments of the defendant on this appeal. The plea of limitations was "denied and overruled." Defendant was granted 30 days within which to bring in a third-party defendant. The court denied all motions as to venue and jurisdiction. The court then provided:

> It is further ORDERED by the Court that the matter in controversy having been presented heretofore and certain evidence and testimony having been presented, that it will not be necessary for the parties to present this testimony again but that the same will be considered by the Court, although the parties hereby are given permission to reopen and present additional evidence on liability, as well as damages.

■ The court then set a hearing date four months later to allow introduction of additional evidence. At that time counsel for defendant stated it would offer no further evidence. On this record, defendant's assertion of basic unfairness in the court's deciding a case which defendant did not have an opportunity to litigate must fail.

A careful review of the record after full briefing and oral argument discloses sufficient evidence to support the district court's findings of fact, assessment of liability, and award of damages in each case on the basis of negligence.

Two weeks prior to oral argument before this Court the defendant by supplemental brief raised a question as to the district court's jurisdiction of the negligence claim. Pursuant to permission given at oral argument, additional briefs on the jurisdictional argument have been received and studied by the Court.

■ Defendant asserts that the failure of record proof of defendant's citizenship defeats diversity jurisdiction. To the plaintiffs' response that nevertheless the court had pendent jurisdiction to decide the negligence claim, the defendant asserts that the court purported to base its jurisdiction only on diversity and did not exercise the necessary discretion to assert pendent jurisdiction under the doctrine of *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Supreme Court carefully observed in *Gibbs* that the mere existence of power to adjudicate pendent claims does not mean that the exercise of that power is wise in every instance. Defendant contends that pendent jurisdiction should not lie here because the federal statutory claim and the state law claim are separate and parallel. The case cited to support this position, *Hurn v. Oursler,* 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933),

holds that federal courts lack pendent jurisdiction over separate and distinct nonfederal causes of action. Causes are separate and distinct where each cause seeks to remedy distinct violations. *Id.* at 245–246, 53 S.Ct. 586. In *United Mine Workers v. Gibbs, supra,* the Supreme Court expanded on the "unnecessarily grudging" rule in *Hurn,* holding that rather than focusing on causes of action to determine pendent jurisdiction, courts may entertain state as well as federal claims where both "derive from a common nucleus of operative fact." *Id.,* 383 U.S. at 725, 86 S.Ct. at 1138. *See* C. Wright, *Law of Federal Courts* § 19, at 62–65 (2d ed. 1970). This Court has described the test in terms of whether both claims share a "transactional unity." *Brunswick v. Regent,* 463 F.2d 1205, 1207 (5th Cir. 1974). It is clear that in the case before us both the state and the federal claims arise from the same set of facts.

■ In any event, the defendant argues, the FELA claim is too insubstantial to support pendent jurisdiction. It is well established that a federal claim must be substantial before a federal court is vested with the right to assert pendent jurisdiction. *United Mine Workers v. Gibbs, supra,* 383 U.S. at 725, 86 S.Ct. 1130; *Levering & Garrigues Co. v. Morrin,* 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933). In this case, however, although the district court did not decide there to be FELA liability, it observed at the conclusion of the testimony largely directed at the FELA claim that it was an "extremely close question." There is no indication that the case was insubstantial, either in actuality or in the view of the district court, in the sense that is necessary to deprive the court of jurisdiction.

Defendant is correct that we cannot determine the citizenship of the defendant railroad from the evidence in this record. There is little question, however, that the district court would exercise its discretion in favor of pendent jurisdiction in view of the defendant's present posture as to the court's jurisdiction. No real issue was ever made in the record regarding diversity jurisdiction. In the order overruling the mo-

tions to dismiss, the court specifically asserted jurisdiction. At the hearing four months later, the defendant had an opportunity to dispute diversity jurisdiction based on its own citizenship, a fact that is peculiarly within its own knowledge. No proof contrary to the decision of the court was offered. The court was allowed to complete the case without any assertion that defendant's citizenship deprived the court of diversity jurisdiction. Not until the motions filed in this Court, after the case was docketed for oral argument and after the judges of this Court had commenced work upon the case, did the defendant assert that diversity jurisdiction had not been proven. Interestingly, the argument made to us is not that the court in fact lacked jurisdiction, no claim being made that the defendant's actual citizenship, if proved, would deprive the court of jurisdiction.

■ On this state of the record, we could return the case to the district court for an evidentiary hearing to determine whether or not the court had diversity jurisdiction, and if not, for it to determine whether it would exercise its judicial discretion by asserting pendent jurisdiction. While there may be some doubt as to the outcome of a factual determination on diversity, there is no reason to believe that the district court would not assert pendent jurisdiction, it being free to do so under our foregoing analysis in this case. Assuming without deciding that the district court did not have diversity jurisdiction, we treat the district court's disposition of the case as being equivalent to an assertion of pendent jurisdiction, a matter well within the discretion of the trial court. Although jurisdiction is a matter than can be raised at any stage of the proceedings, the attack here is not so much that there was a lack of jurisdiction but that the plaintiffs failed to make a record which discloses it. Absent a full, factual jurisdictional challenge, the trial court's exercise of discretionary jurisdiction may be surmised from its actions without the necessity of remand.

■ The contention that the award of damages to Brigmon was excessive calls into play the clearly erroneous rule. Rule 52(a), F.R.Civ.P. In *Neal v. Saga Shipping Co., S.A.*, 407 F.2d 481, 487 (5th Cir.), *cert. denied*, 395 U.S. 986, 89 S.Ct. 2143, 23 L.Ed.2d 775 (1969), *citing Lukmanis v. United States*, 208 F.2d 260, 261 (2d Cir. 1953), this Court observed:

> "[T]he amount of damages sustained by an injured person is a question of fact . . . and upon an issue so difficult of quantitative determination, we do not interfere unless satisfied that the award is so 'plainly out of measure as to be "clearly erroneous." ' . . ."

Brigmon was hit in the chin with a piece of heavy pipe. The impact knocked him straight up into the air and knocked out most of his teeth. A neurosurgeon diagnosed permanent brain injury. Headaches, neck pain and numbness in his left arm and fingers have been considerable. At the time of the injury Brigmon was 26. He was out of work for several months and suffers diminution of future earnings. The award of $87,000 is not, in our judgment, clearly erroneous.

AFFIRMED.