**Michael P. MYERS and Barbara P. Myers, Plaintiffs,**

v.

**AMERICAN LEISURE TIME ENTERPRISES, INCORPORATED, et al., Defendants.**

**No. 74 Civ. 4513.**

United States District Court,
S. D. New York.

Aug. 18, 1975.

Harry Adelman, Michael P. Myers, Chicago, Ill., Tenzer, Greenblatt, Fallon & Kaplan, New York City, for plaintiffs.

Zimet, Haines, Moss & Goodkind, New York City, for defendant American Recreation Group, Inc.; Howard I. Rhine,

**214**

James Martin Kaplan, New York City, of counsel.

Rubin Baum Levin Constant & Friedman, New York City, for defendants Meshulam Riklis and Pinhas Riklis; Martin A. Coleman, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Defendants move to dismiss the complaint in this derivative and class action suit. Count one alleges violations of section 10(b) of the 1934 Securities Exchange Act [1] and of reporting provisions of that Act, sections 13(d) and 14(f). [2] In the second count, plaintiffs assert a claim based on state law. The claims arise from the purchases of 648,866 shares of stock of American Recreation Group, Inc. by defendant Riklis at a premium over the then prevailing market price of the stock, followed by the election of three new directors and the appointment by the board of directors of a new president and chief executive officer.

■ Plaintiffs have been shareholders of American Recreation Group, Inc. (formerly called American Recreation Enterprises, Inc.) since November 17, 1969. The events complained of took place from February to May of 1974. Plaintiffs do not allege they bought or sold their stock in connection with the claimed violation of the securities laws. Thus, as to the section 10(b) claim, they cannot satisfy the "purchaser or seller" standing requirement of the *Birnbaum v. Newport Steel Corp.* doctrine, [3] recently approved by the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores.* [4]

■ Next, plaintiffs assert a cause of action under section 13(d) of the Act which requires the filing of certain reports by those who acquire directly or indirectly the beneficial ownership of more than 5% of a class of a registered equity security. Insofar as plaintiffs seek damages for the alleged violation of section 13(d), they have not stated a cause of action under the Act because section 18 [5] requires that they be "purchasers or sellers." Section 18 provides that one who makes a false or misleading statement in a document filed pursuant to the statute shall be liable only to those persons "who, in reliance upon such statement, shall have purchased or sold a security at a price which was affected by such statement, for damages caused by such reliance . . .." Plaintiffs seek to avoid the restrictions of section 18 by arguing that they have an implied right of action under section 13(d) that does not turn on their status as purchasers or sellers. While plaintiffs correctly maintain that courts have found a private right of action on behalf of issuers [6] and shareholders [7] under section 13(d), these holdings involved only claims for injunctive relief. Plaintiffs have cited no case that upheld a private right of action for damages under section 13(d) where, notwithstanding the limitations of section 18, the plaintiff was not a purchaser or seller in reliance upon the alleged false or misleading statements or omissions. To the contrary, in two actions under section 13(a)

---

1. 15 U.S.C. § 78j(b) (1970).

2. 15 U.S.C. §§ 78m(d), 78n(f) (1970). At oral argument of the motion, plaintiffs withdrew their claim under § 14(f) of the Act, since a majority of the board of directors was *not* elected pursuant to the sale of stock in issue.

3. 193 F.2d 461 (2d Cir.), *cert. denied,* 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952).

4. 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

5. 15 U.S.C. § 78r (1970).

6. *GAF Corp. v. Milstein,* 453 F.2d 709 (2d Cir. 1971), *cert. denied,* 406 U.S. 910, 92 S. Ct. 1610, 31 L.Ed.2d 821 (1972).

7. *Scott v. Multi-Amp Corp.,* 386 F.Supp. 44 (D.N.J.1974).

of the Act, which contains reporting requirements analogous to those of section 13(d), courts have held that private suits for damages are limited to section 18, wherein plaintiffs must be those "who . . . shall have purchased or sold a security at a price which was affected by such [a] statement . . . ." [8] Although there is no authority restricting standing in suits under section 13(d) to plaintiffs who are purchasers or sellers, such a holding would seem to follow logically as an extension of the Supreme Court's holding in *Manor Drug Stores*. This is especially so in cases such as this one, where the alleged violation of section 13(d) concerns not the failure to file the required reports but rather the filing of reports containing false or misleading statements or omissions. To allow suits by mere holders of securities in such cases would be to allow the plaintiffs to circumvent the *Birnbaum* doctrine in many cases simply by casting their complaint to include alleged violations of section 13(d). This of course would be contrary to the spirit, if not the letter, of the *Manor Drug Store* decision.

Plaintiffs seek to avert dismissal of their section 13(d) claim, contending that the complaint states a cause of action for injunctive relief. On the very day that this motion was argued, however, the Supreme Court decided *Rondeau v. Mosinee Paper Corp.*,[9] in which it held that a private litigant alleging a violation of section 13(d) must make a showing of irreparable harm, in accord-ance with traditional principles of equity, to entitle him to injunctive relief. The complaint here at issue contains no allegation that plaintiffs will suffer irreparable harm absent injunctive relief, and the facts plaintiffs allege, even accepted as true for the purpose of this motion, do not reveal any basis upon which such relief may be granted. The motion to dismiss count one of the complaint, the federal securities law count, is therefore granted.

■ The second and remaining count presents state law claims for relief based on the alleged sale of control of the corporation and the sale of corporate office by inside shareholders. Clearly under the allegations of the complaint state law is implicated. While the Court has discretion to retain jurisdiction over the state law cause of action under the doctrine of pendent jurisdiction, the Supreme Court has suggested that:

"If it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." [10]

There is no reason why this federal court should retain jurisdiction over the state law claim. Accordingly, the second count of the complaint is dismissed without prejudice.

Judgment may be entered accordingly.

---

8. *In re Penn Central Securities Litigation*, 494 F.2d 528, 539–40 (3d Cir. 1974); *duPont v. Wyly*, 61 F.R.D. 615, 628 (D.Del. 1973).

9. 422 U.S. 49, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975).

10. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).