TREADWAY COMPANIES, INC., Plaintiff,

v.

CARE CORPORATION, Dr. Robert W. Browne, Daniel Cowin, and Philip DeJourno, Defendants.

CARE CORPORATION, Dr. Robert W. Browne and Philip DeJourno, Counterclaim-Plaintiffs,

v.

FAIR LANES, INC., Treadway Companies, Inc., Daniel Parke Lieblich, John R. McDonnell, Simon Gluckman, Norman Brassler, Murray L. Cole, Samuel B. Dobrow, and Bernard Mills, Counterclaim-Defendants.

CARE CORPORATION and Philip DeJourno, suing derivatively in the right and for the benefit of Treadway Companies, Inc., Counterclaim-Plaintiffs,

v.

FAIR LANES, INC., Daniel Parke Lieblich, John R. McDonnell, Simon Gluckman, Norman Brassler, Murray L. Cole, Samuel B. Dobrow, and Bernard Mills, Counterclaim-Defendants,

and

Treadway Companies, Inc., Nominal Defendant.

No. 79 Civ. 5066(GLG).

United States District Court, S. D. New York.

Jan. 18, 1980.

See also D.C., 490 F.Supp. 653, D.C., 490 F.Supp. 668.

---

Battle, Fowler, Jaffin, Pierce & Kheel, New York City, for plaintiff and the individual counterclaim defendants by Samuel R. Pierce, Jr., Gerald J. Fields, Raymond J. Soffientini, Richard S. Lawch, New York City, of counsel.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for defendants and counterclaim plaintiffs, Care Corp., Dr. Browne and Philip deJourno by James M. Bergen, Stephen B. Camhi, Daniel S. Greenfeld, New York City, of counsel.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendant Cowin by Michael H. Diamond, Douglas M. Kraus, Robert W. Wien, David M. Hashmall, New York City, of counsel.

GOETTEL, District Judge:

In the continuing quest for control over Treadway Companies, Inc. ("Treadway"), the defendants Care Corporation, Browne, and deJourno (the "Care defendants"), along with defendant Daniel Cowin ("Cowin"), have moved to dismiss all counts of the complaint.

The salient facts of this action have previously been stated in the Court's opinions of October 12, 1979, [1979] Fed.Sec.L.Rep. (CCH) ¶ 97,139 (S.D.N.Y.1979), and November 27, 1979, 490 F.Supp. 653 (S.D.N.Y. 1979).[1] Briefly, the facts as relevant to the instant motions are as follows: Prior to April 30, 1978, the defendant Care owned approximately 2% of the outstanding common stock of Treadway. Thereafter, it began to purchase large amounts of Treadway stock so that it now owns approximately 32% of the stock.[2] Among the purchases

---

1. In the November 27 decision the Court, on a motion brought by the Care defendants, granted a preliminary injunction to the extent of enjoining Treadway from consummating with Fair Lanes, Inc. the sale of voting shares of Series A Cumulative Voting Preferred Stock.

*Treadway Companies, Inc. v. Care Corp.,* 490 F.Supp. at 653.

2. The actual percentage ownership interest of Care will depend on this Court's eventual determination of the counterclaims, which contest the validity of Treadway's sale of a large bloc

made by Care was one of 175,000 shares from defendant Cowin, who was, at the time of sale, a director and paid consultant of Treadway (he resigned soon after the sale). The remaining shares, it appears, were brought by Care in open market transactions.

The plaintiff now asserts that the Care defendants and Cowin, acting in concert as a "syndicate" or "group," engaged in a plan to gain control over Treadway utilizing "material, proprietary, confidential, inside and non-public information." Specifically, Treadway asserts that all the defendants have: (1) failed to comply with the requirements of section 13(d) of the Securities Exchange Act of 1934 (the "Exchange Act") in that the Schedule 13D filed by Care and the subsequent amendments thereto have been materially false and misleading; and (2) violated section 10(b) of the Exchange Act (and rule 10(b)–5 promulgated thereunder) in that they have purchased and held stock while in possession of material nonpublic information.[3] Additionally, plaintiff alleges that defendants Browne and deJourno, who are currently members of the Treadway Board of Directors (as well as being members of the Care Board), and Cowin, acting with Care, have, under New Jersey[4] statutes (*see* N.J.Stat.Ann. § 14A:6–14 (1959)) and common law principles violated their obligations to Treadway and its shareholders.

The plaintiff initially moved for a preliminary injunction.[5] After hearing argument, the Court, finding serious questions as to the probability of the plaintiff's success on the merits, and determining that the plaintiff had failed to sustain its burden of demonstrating that it would suffer irreparable injury if injunctive relief was not afforded, vacated a temporary restraining order then in effect and denied the motion for a preliminary injunction. *Treadway Companies, Inc. v. Care Corp.,* [1979] Fed.Sec.L.Rep. (CCH) ¶ 97,139 (S.D.N.Y. Oct. 12, 1979).

The defendants have now moved to dismiss. They contend that the instant suit is nothing more than a bald-faced attempt by Treadway's incumbent management to defend its entrenched position and assert that, in view of this Court's determination of plaintiff's motion for a preliminary injunction, this action is insufficient as a matter of law.

In support of its claims under section 13(d) of the Exchange Act, the plaintiff alleges that the Schedule 13D filed by Care and the subsequent amendments thereto have been and continue to be materially false and misleading. Specifically, it asserts that the most recent amendment filed is false and misleading in that it: fails to disclose the existence and stockholdings of a 13(d) "group" composed of Care, Browne, deJourno, and Cowin; fails to disclose that the defendants' "sole intention" in purchasing Treadway stock has always been to take control of the corporation; and misstates the defendants' ultimate intention in regard to Treadway, which is to liquidate certain property holdings and to replace current management.

---

of its treasury stock and authorized but unissued common stock to Fair Lanes, Inc.

**3.** The complaint initially alleged six counts against all of the defendants and two counts against Cowin. Count II, which alleged claims arising under section 16(a) of the Exchange Act has now been voluntarily withdrawn. Remaining are: count I, which alleges claims arising under section 13(b) of the Exchange Act; count III, which alleges claims arising under section 10(b) of the Exchange Act and rule 10(b)–5 promulgated thereunder; counts IV through VI, which allege breach of fiduciary duty against all of the defendants; and counts VII and VIII, which allege breach of fiduciary duty against Cowin.

**4.** Treadway is incorporated under the laws of the state of New Jersey.

**5.** Following the institution of this action, the Court entered an *ex parte* temporary restraining order against all of the defendants. This order was subsequently vacated as against defendant Cowin and modified as to the remaining defendants. Under the terms of that modified order, the Care defendants were *enjoined* from: (1) acquiring or attempting to acquire in any manner any shares of any class of plaintiff's stock; (2) soliciting from any of plaintiff's shareholders any proxy, consent, authorization, or support to vote plaintiff's stock; and (3) voting any shares of plaintiff's stock in person or by proxy.

As this Court has noted in its opinion of October 12, 1979, the purpose of section 13(d) is "to alert the marketplace to every large, rapid aggregation or accumulation of securities, regardless of technique employed, which might represent a potential shift in corporate control," *GAF Corp. v. Milstein,* 453 F.2d 709, 717 (2d Cir. 1971), and which is, therefore, information that shareholders and potential investors in a corporation need in order to determine both the likelihood of change in corporate control and the probable future value of the corporation. The statute was not intended to be used as a device by which incumbent management defends itself against a takeover bid. *Rondeau v. Mosinee Paper Corp.,* 422 U.S. 49, 58–59, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975). *See Universal Container Corp. v. Horwitz,* [1977–1978 Transfer Binder] Fed. Sec.L.Rep. (CCH) ¶ 96,161, at 92,255 (S.D. N.Y. Sept. 6, 1977).

In denying the plaintiff's motion for a preliminary injunction, this Court held that the amendment to Care's Schedule 13D then on file was "sufficient to place shareholders and potential investors on notice as to the possibility of a change in corporate control." [1979] Fed.Sec.L.Rep. (CCH) ¶ 97,139, at 96,287. Since that time, Care has filed a further amendment to its Schedule 13D, which states, in unequivocal terms, that it has "determined to seek control" over Treadway and that it will pursue that objective at the annual meeting of Treadway shareholders. Thus, if there had been any lingering doubts prior to the last amendment (which seems unlikely) as to Care's intentions in regard to Treadway, such doubts have now been dispelled.

The plaintiff asserts, nonetheless, that Care's current amendment to its Schedule 13D remains misleading and, consequently, the defendants should be enjoined. The Court is unconvinced. Even if we assume that, as alleged, a "group" consisting of Care, Browne, de Journo, and Cowin does exist, the Court believes, as it stated in denying the plaintiff's motion for a preliminary injunction, that the failure to include information relevant to this group, which, excluding Care, owns only 2,500 shares of Treadway stock, is nothing more than a *de minimis* violation of section 13(d), and as such constitutes an inadequate basis upon which to afford injunctive relief. *See Wellman v. Dickinson,* 475 F.Supp. 783, 833 (S.D.N.Y.1979); *Universal Container Corp. v. Horwitz, supra.*[6]

The other claims asserted by the plaintiff also provide no basis upon which to grant the relief requested. Even if Care should have stated in its amended filing that it intended to replace current management after a takeover (an occurrence which, under the circumstances, seems patently obvious), failure to do so seems no more than a technical violation of section 13(d), insufficient for injunctive relief. *See Wellman v. Dickinson, supra.* Similarly, Care's alleged failure to state its intention in regard to liquidation of certain properties does not constitute an adequate basis. A corporation, it has been held, does not have "to make predictions of future behavior, however tentatively phrased," in order to comply with section 13(d). *Susquehanna Corp. v. Pan American Sulphur Co.,* 423 F.2d 1075, 1086 (5th Cir. 1970). Rather, the Court believes that the information provided in Care's most recent filing is sufficient to alert the shareholders of Treadway to the likelihood that a change in corporate control would be accompanied by significant changes in the operation of the corporation, and quite possibly would lead to the sale or acquisition of certain assets.

Finally, even if it is true that, as alleged, Care's "sole" purpose in purchasing Treadway stock has always been to gain control over it, and that the earlier filings were, therefore, false and deceptive, that deficiency has been corrected in Care's most recent amendment. Injunctive relief is

---

**6.** A fuller discussion of the issues surrounding the existence of a "group" under section 13(d) can be found in this Court's decision denying the plaintiff's motion for a preliminary injunction.

available under section 13(d) only to the extent of insuring that the information currently provided is accurate so that shareholders and potential investors have reliable information upon which to act in the future. *See General Aircraft Corp. v. Lampert,* 556 F.2d 90 (1st Cir. 1977). To the extent that the prior filings may have been false or misleading, the appropriate remedy would be an action for damages, *Rondeau v. Mosinee Paper Corp.,* 422 U.S. at 60, 95 S.Ct. 2069, brought by a buyer or seller of Treadway stock who has relied on such information, *see Myers v. American Leisure Time Enterprises, Inc.,* 402 F.Supp. 213 (S.D.N.Y.1975), *aff'd,* 538 F.2d 312 (2d Cir. 1976), and not in a suit brought by Treadway for an injunction.

■ Faced with this latest amended filing, the plaintiff, relying on a footnote in *Rondeau v. Mosinee Paper Corp.,* 422 U.S. at 59 n.9, 95 S.Ct. 2069, and on dicta in various cases interpreting it, argues that, even if the defendants have now adequately corrected the misstatements contained in the previous filings, some form of injunctive relief remains appropriate, since in the instant situation a takeover bid "follows on the heels" of the filing of a corrective statement. In this regard, such relief may be proper in order "to allow a corporation, its shareholders and investors—before a takeover might become a *fait accompli*—the opportunity to receive, and react to, information required to be disclosed under Section 13(d)." *Universal Container Corp. v. Horwitz,* [1977–1978 Transfer Binder] Fed. Sec.L.Rep. (CCH) ¶ 96,161, at 92,256. *See General Aircraft Corp. v. Lampert,* 556 F.2d at 97.

The Court agrees that, given the proper facts, some form of equitable relief might be appropriate where a takeover bid is likely to follow very soon after a corrective amendment has been filed. We need not reach this question, however, as this is not the situation presented in the instant action. Care filed its latest amendment on November 2, 1979, at a time when this litigation was being hotly contested and was the subject of media attention. Thus, shareholders and potential investors should have been aware of the rapidly changing situation of Treadway. More importantly, no shareholder meeting is scheduled to take place until March 1980, over four months after the date of this latest filing. Such a time period, especially under the circumstances of this action, provides all interested parties with ample opportunity in which to learn about and digest this new information, and dissipates any potential need for equitable relief. To the extent that any prior filings by Care were false or misleading, the appropriate remedy would be an action for damages, an action which, however, as noted, may not be maintained by this plaintiff. As to the action for injunctive relief, which Treadway may bring, the Court finds that Care's current amendment to its Schedule 13D is more than sufficient to alert shareholders and potential investors to the possibility of change in corporate control and to the various other changes that might accompany it. *See Wellman v. Dickinson, supra.* Whatever inaccuracies or omissions may still exist are no more than technical violations of the statute. Accordingly, the plaintiff's cause of action for alleged violations of section 13(d) of the Exchange Act is hereby dismissed against all defendants.

■ We turn to the plaintiff's claim based upon alleged violations of section 10(b) of the Exchange Act and rule 10(b)–5 promulgated thereunder. But before reaching the merits of this claim, the Court must address the threshold question of whether this plaintiff has standing to maintain this cause of action.

The Supreme Court has established that an issuer, who is neither a buyer nor a seller, lacks standing to sue under section 10(b) for damages. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). The issue in regard to standing to sue for injunctive relief, however, is less clear. Thus, al-

though such standing has not been extended in this circuit to include an issuer, the courts have not precluded the possibility that it will be so extended in circumstances where the issuer "has suffered or will suffer direct injury because of the alleged, fraud, or where it would be the most appropriate party to assert 10b–5 violations affecting all of its shareholders." *GAF Corp. v. Milstein,* 453 F.2d at 722 n.27. *See General Time Corp. v. Talley Industries, Inc.,* 403 F.2d 159 (2d Cir. 1968), *cert. denied,* 393 U.S. 1026, 89 S.Ct. 631, 21 L.Ed.2d 570 (1969). The plaintiff claims that, in view of its unique knowledge of the facts of this action, it is not only the most appropriate but the only party "qualified to seek equitable relief against the future misuse of information." Accordingly, it asserts that standing should be afforded it.

The Court does not agree. In the first place, it is clear that other interested persons, who are buyers or sellers of Treadway stock, should, in view of the publicity afforded to this action, have sufficient knowledge to prosecute the 10b–5 claims.[7] Second, the Court does not believe that the instant plaintiff is the most appropriate party to maintain this suit in view of its interest (be it paramount or not) in retaining corporate control, an interest that does not necessarily coincide with the interests of the shareholders. Finally, since relief would be available should the plaintiff prevail on any of the remaining claims in this action, and since any future fraud on the part of the defendants would likely be cognizable in a new suit by this plaintiff alleging violations of section 13(d), the Court sees "no compelling reason to open the door to issuers to bring the broad range of fraud

actions, in some instances seeking more than 'injunction' relief, which are cognizable under section 10(b)." *GAF Corp. v. Milstein,* 453 F.2d at 722. *See W. A. Krueger Co. v. Kirkpatrick, Pettis, Smith, Polian, Inc.,* 466 F.Supp. 800, 805 (D.Neb. 1979); *Financial General Bankshares, Inc. v. Lance,* [1978 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 96,403, at 93,430 (D.D.C. Apr. 27, 1978). *See also Nicholson File Co. v. H. K. Porter Co.,* 341 F.Supp. 508, 521 (D.R.I. 1972). As the Court does not believe this to be the case in which standing should be extended to an issuer, the plaintiff's cause of action under section 10(b) and rule 10b–5 is hereby dismissed against all defendants.

Having disposed of the federal securities laws claims, there remain only the claims under New Jersey law,[8] which allege breach of fiduciary duty by the individual defendants, aided and abetted by Care and Cowin (when not a director). As no federal claims remain, jurisdiction is now premised upon diversity of citizenship.[9]

Under New Jersey law, directors are required to "discharge their duties in good faith and with that degree of diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions." N.J.Stat. Ann. § 14A:6–14. A director must act to further the best interests of the corporation, and may not utilize his powers to further a personal interest. *See Berkowitz v. Power/Mate Corp.,* 135 N.J.Super. 36, 342 A.2d 566 (Ch.Div.1975); *Daloisio v. Peninsula Land Co.,* 43 N.J.Super. 79, 127 A.2d 885 (App.Div.1956). Failure by a director to devote his best efforts to furthering of the corporate interest may subject that di-

---

**7.** In the forthcoming proxy fight, it is likely that everything adverse to defendants will be made known by plaintiff.

**8.** Federal securities claims do, however, remain in the Care defendants' counterclaims, as to which no motion to dismiss has been asserted.

**9.** Initially, the Care defendants, while conceding that diversity jurisdiction existed, asserted that personal jurisdiction was lacking over

them. Before this question could be reached, however, the defendants chose to go on the offensive by filing various counterclaims and moving for injunctive relief. They have thus subjected themselves to the jurisdiction of this Court. The diversity of citizenship between Treadway, a New Jersey corporation with its principal place of business in that state, and Cowin, a citizen of New York, has not been questioned.

rector, and all who assist him, to a claim for damages by the corporation. *See Irving Trust Co. v. Deutsch,* 73 F.2d 121, 123 (2d Cir. 1934), *cert. denied,* 294 U.S. 708, 55 S.Ct. 405, 79 L.Ed. 1243 (1935).

 The plaintiff asserts, in counts IV through VI of its complaint, that Browne and deJourno, acting in concert with Care and Cowin, have during the course of their membership on the Treadway Board failed to adhere to the proper standard of conduct. Having closely examined the record before it, the Court, although dubious about the plaintiff's ability to prove such claims, cannot say that, as a matter of law, it will be unable to do so. Numerous questions of fact still exist as to the nature of the defendant's conduct and as to the extent and nature of Cowin's involvement, precluding summary disposition at this time. The defendants' motions to dismiss as to these counts are hereby denied.

Similarly, the Court finds that, as to the claims asserted in count VIII of the complaint against defendant Cowin, factual issues exist, precluding disposition at this time. These issues include, among others, the ability of Treadway to purchase the Cowin shares, had they been offered, and the motivation and intent of the defendant in selling his stock to Care. Accordingly, the motion to dismiss as to this count is also denied.

 Finally, Cowin has also moved to dismiss count VII of the complaint. In this count, the plaintiff alleges that Cowin, in derogation of his fiduciary duties and for his own personal gain, delayed the effectuation of a proposed spin-off of Treadway's then unprofitable Inns Division. After examining this claim, however, and without reaching the substantive and factual questions that exist in regard to it, the Court finds that this count must be dismissed. The Court's conclusion is based on a determination by Treadway's Board, subsequent to Cowin's alleged delaying tactics, that the spin-off proposal was not in the best interest of Treadway and should be abandoned. (The retention of the Inns Division, in fact, has proven to be highly beneficial to the company.) Thus, even if it could be shown that Cowin did delay the proposed spin-off for improper purposes, Treadway and its shareholders have suffered no harm or damage from such conduct.

The plaintiff, attempting to avoid dismissal of this count, has attempted to redefine its claim and assert that the gravamen of it is Cowin's alleged nondisclosure of his activities to Treadway in breach of his fiduciary duties, and not his delay of the proposed spin-off. Such an assertion, however, is unsupported by the clear language of the complaint. And even were it possible to read such a claim into the complaint, the result would be to create a claim that merely repeats the others asserted against Cowin. The Court finds that the corporation has suffered no harm as a result of the conduct alleged in count VII and, as a result, no relief for such conduct would be appropriate. Defendant Cowin's motion to dismiss count VII of the complaint against him is hereby granted.

The defendants' motions are granted to the extent that counts I, III, and VII are dismissed, and count II is withdrawn.[10] The motions are denied as to counts IV, V, VI, and VIII.

SO ORDERED.

---

**10.** *See* note 3 *supra.*