Joseph **TARASEWICZ**, Ind. & t/a
Tasey Trucking Co.

v.

**UNITED STATES of America**

**and**

**Warner Transportation Co.**

**and**

**Charles Washington.**

**Civ. A. No. 83–2918.**

United States District Court,
E.D. Pennsylvania.

Feb. 24, 1984.

John F. Lewis, Philadelphia, Pa., for plaintiff, Joseph Tarasewicz.

John A. Lord, Philadelphia, Pa., for Warner Transp. Co. and Charles Washington.

Richard M. Tiger, Philadelphia, Pa., for Oscar Bautista.

Joseph M. Masiuk, Asst. U.S. Atty., Philadelphia, Pa., for U.S.A.

## MEMORANDUM AND ORDER

KELLY, District Judge.

The present action, brought pursuant to the Federal Tort Claim Act, 28 U.S.C. § 2671 *et seq.* arose from a motor vehicle accident between plaintiff's vehicle and a motor vehicle owned and operated by the United States Navy. Plaintiff Tarasewicz is a citizen of the Commonwealth of Pennsylvania. Defendant United States of America impleaded third-party defendant Warner Transportation Company and Charles Washington pursuant to 28 U.S.C. § 1345. Plaintiff then directly sued the third-party defendants, both citizens of the Commonwealth of Pennsylvania, alleging a cause of action based on negligence, pursuant to Fed.R.Civ.P. 14(a), which provides that, "[t]he plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff." *Id.*

The third-party defendants have moved to dismiss the complaint asserted against them by plaintiff on the grounds that the court lacks subject matter jurisdiction since there is no diversity of citizenship between the parties as required by 28 U.S.C. § 1332. Plaintiff argues that the court has pendant or ancillary jurisdiction [1] over the state law claims and that the complete diversity requirement of section 1332 is therefore inapplicable. More precisely stated, the issue is whether the court may exercise "pendant party" jurisdiction over the non-diverse third party defendants against whom the plaintiff has asserted state law claims, as an incident to the Court's exclusive jurisdiction under the Federal Tort Claims Act.

The most recent Supreme Court case touching upon pendant party jurisdiction is *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).[2] In *Aldinger,* Justice Rehnquist, speaking for the Court, characterized the issue as the "subtle and

---

1. The Supreme Court itself has expressed doubt as to whether any principled difference between these concepts exists. *Aldinger v. Howard,* 427 U.S. at 13, 96 S.Ct. at 2419–20 (1976). Therefore, this Court will not attempt to distinguish between them.

2. Other Supreme Court cases bearing indirectly on the issue of pendant party jurisdiction include *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (court had discretion to exercise pendant jurisdiction over state law claims arising out of "a common nucleus of operative fact" *id.* at 725, 86 S.Ct. at 1138, as the federal claim) and *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (no jurisdiction over plaintiffs direct claim against non-diverse third party defendant when jurisdiction over claim against third party plaintiff rested on diversity).

complex question[3] ... whether the doctrine of pendant jurisdiction extends to confer jurisdiction over a party as to whom no independent basis of federal jurisdiction exists." *Id.* at 2–3, 96 S.Ct. at 2414–15. Although the *Aldinger* Court refused to sanction the joinder of a pendant party defendant in the case before it, the Court explicitly restricted its holding to "the issue of so-called 'pendant party' jurisdiction with respect to a claim brought under [28 U.S.C.] §§ 1343(3) and [42 U.S.C.] 1983." *Id.* at 18, 96 S.Ct. at 2422. In dicta the Court stated that "[o]ther statutory grants and other alignments of parties and claims might call for a different result, [and that] it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement upon the existence or exercise of such jurisdiction." *Id.* In language I consider dispositive of this case the Court went on to state that "[w]hen the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together." *Id.* (emphasis in original).

The holding in *Aldinger* and the dicta herein quoted have frequently led to the conclusion that when federal jurisdiction is concurrent with that of the state courts, the exercise of pendant party jurisdiction should not be permitted. When, however, federal jurisdiction is exclusive, the exercise of pendant party jurisdiction is appropriate.

While the Third Circuit has not yet endorsed this reading of *Aldinger,* several other circuit and district courts have adopted this reasoning. *Stewart v. United States,* 716 F.2d 755, 758–59 (10th Cir. 1982); *Dick Meyers Towing Service, Inc. v. United States,* 577 F.2d 1023, 1024 n. 1 (5th Cir.1978), (per curiam) *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455

(1979); *Ortiz v. United States,* 595 F.2d 65, 73 (1st Cir.1979); *Johnston v. United States,* 546 F.Supp. 879, 881–884 (D.Kan. 1982); *Dumansky v. United States, supra* at 1086–89; *Obenshain v. Halliday,* 504 F.Supp. 946, 951 (E.D.Va.1980); *Kyriazi v. Western Elec. Co.,* 476 F.Supp. 335, 336 n. 3 (D.N.J.1979); *Maltais v. United States,* 439 F.Supp. 540, 547 (N.D.N.Y.1977). *See also Weinberger v. Kendrick,* 698 F.2d 61, 76–77, (2d Cir.1982) (Friendly, J.) (primary claim under Federal Securities Exchange Act of 1934); *Transok Pipeline Co. v. Darks,* 565 F.2d 1150, 1154 (10th Cir.1977), *cert. denied,* 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978) (primary claim under 25 U.S.C. § 357 which allows condemnation of lands allotted to Indians); *Morse Electro Products Corp. v. S.S. Great Peace,* 437 F.Supp. 474, 483 n. 13 (D.N.J.1977) (primary claim under admiralty jurisdiction). *Contra State of Idaho ex rel. Trombley v. U.S. Dept. of Army,* 666 F.2d 444, 446 (9th Cir.1982), *cert. denied,* 459 U.S. 823, 103 S.Ct. 53, 74 L.Ed.2d 58 (1982) (Ninth Circuit has "consistently rejected the concept of pendant party jurisdiction" even with respect to cases under the FTCA); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1982) (affirming district court's exercise of discretion in refusing to assert pendant party jurisdiction, describing the concept as "tenuous in nature"); *Hixon v. Sherwin Williams Co.,* 671 F.2d 1005, 1008 (7th Cir.1982) (no pendant party jurisdiction when diverse co-defendant's state law claim less than $10,000); *Kack v. United States,* 570 F.2d 754, 757 n. 4 (8th Cir.1978) (no pendant party jurisdiction in FTCA suit).

I believe that permitting pendant party jurisdiction in cases in which the primary claim is within the exclusive jurisdiction of the federal court does not improperly infringe upon the authority of the state courts to decide issues of state law. Rather, common sense dictates that "[i]f the roast must be reserved exclusively for the federal bench, it is anomalous to send the

---

**3.** For a thorough and scholarly review of the constitutional and statutory implications of pendant party jurisdiction, see *Dumansky v. United* *States,* 486 F.Supp. 1078 (D.N.J.1980) (Thompson, J.).

gravy across the street to the state courthouse." *Musher Foundation v. Alba Trading Co.*, 127 F.2d 9, 11 (2d Cir.1942) (Clark, J., dissenting).