**Mark T. KLINE and Loretta S. Kline, Plaintiffs**

v.

**The UNITED STATES of America, Harry V. Pfautz, D.O., Bernard I. Zeliger, D.O. and the Community General Osteopathic Hospital, Defendants.**

**Civ. A. No. 84–0185.**

United States District Court, M.D. Pennsylvania.

May 31, 1984.

Timothy J. O'Connell, Turner & O'Connell, Harrisburg, Pa., for plaintiffs.

Mary C. Spearing, Asst. U.S. Atty., Harrisburg, Pa., Frank Jeffers, Philadelphia, Pa., for U.S.A.

Francis E. Marshall, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Harrisburg, Pa., for defendants Zeliger & Community General Osteopathic Hosp.

Robert E. Kelly, Jr., Duane, Morris & Heckscher, Harrisburg, Pa., for defendant Pfautz.

MEMORANDUM

CALDWELL, District Judge.

I. Introduction

Before the court for disposition is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). The motion was filed on behalf of defendant Harry V. Pfautz, D.O., a private physician who allegedly rendered medical treatment to plaintiff Mark T. Kline between February 8 and 15, 1982. For the reasons discussed hereinafter, the motion is denied.

II. Background

Plaintiffs are a husband and wife whose complaint, filed on February 7, 1984, names four defendants whom plaintiffs contend administered or were responsible for the administering of improper and substandard medical care for an infection in plaintiff husband's left knee. Plaintiffs and the two individual defendants, Pfautz and Bernard I. Zeliger, also a physician, appear to be Pennsylvania residents. Community Gen-

eral Osteopathic Hospital, where plaintiff husband received treatment is located in Harrisburg, Pennsylvania. The remaining defendant, the United States, has been brought in as a result of treatment plaintiff received at two Veterans Administration hospitals, located in Lebanon and Philadelphia, Pennsylvania.

Plaintiff has alleged that jurisdiction over defendant United States exists pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. Jurisdiction over the other defendants is alleged to be ancillary or pendent. Counts I and II of the complaint are directed to Pfautz, Zeliger, and the hospital. Counts III and IV set forth claims against the United States.[1]

## III.  The Dismissal Motion

The basis of the dismissal motion filed in the present action is the pendent jurisdiction doctrine. More specifically the issue is one of whether pendent party jurisdiction should be exercised in the present matter so that plaintiff's claim against Pfautz, a non-diverse defendant against whom no federal claim has been made, may be tried along with the claim against the United States under the FTCA. As has long been recognized, the federal courts are tribunals of limited jurisdiction and the general rule is that their authority to adjudicate matters is limited to that found either in Article III of the United States Constitution or congressional enactments. No doubt exists in the present case that jurisdiction over the United States has been properly invoked under the FTCA. Jurisdiction over Pfautz, however, turns on the issue of pendent party jurisdiction.

The landmark case of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) elucidated the concept of pendent jurisdiction but concentrated largely on the propriety of joining state and federal claims rather than joining parties over whom federal jurisdiction exists with those parties over whom there is

no independent jurisdictional basis. The *Gibbs* Court stated,

The federal claim must have substance sufficient to confer subject matter jurisdiction on the court [citation omitted]. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues there is *power* in federal courts to hear the whole [footnote omitted].

That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right [footnote omitted]. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them [citation omitted]. . . .

*Id.* at 725–26, 86 S.Ct. at 1138–39, 16 L.Ed.2d at 227–28. Following the pronouncements in the *Gibbs* case, pendent jurisdiction was increasingly exercised by federal courts. In *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) and *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Supreme Court addressed pendent party jurisdiction. In *Aldinger* the Court had occasion to address the *Gibbs* case, to determine exactly what *Gibbs* did and did not decide, and to identify differences between pendent jurisdiction over claims as distinguished from parties. Although dealing with and declining pendent party jurisdiction in the context of a claim brought under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, Justice Rehnquist, writing for the six member *Gibbs* majority, did recognize the existence of situations other than that before the court and noted,

---

**1.** Counts I and II address the medical malpractice claims of plaintiff husband. Counts II and IV are loss of consortium counts filed on behalf of his wife.

Other statutory grants and other alignments of parties and claims might call for a different result. When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 USC § 1346 [28 USCS § 1346], the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together [footnote omitted]. As we indicated at the outset of this opinion, the question of pendent-party jurisdiction is "subtle and complex," and we believe that it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement upon the existence or exercise of such jurisdiction. Two observations suffice for the disposition of the type of case before us. If the new party sought to be impleaded is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state-law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art[icle] III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

427 U.S. at 18, 96 S.Ct. at 2422, 49 L.Ed.2d at 288–89.

In *Owen* the question answered in the negative by the Supreme Court was whether in a diversity case a plaintiff could assert a claim against a third party defendant over whom no independent basis for federal jurisdiction existed. The facts and procedural background in *Owen* are clearly distinguishable from the matter before us, however, since *Owen* was a wrongful death case initiated under Iowa state law. Nevertheless, the analysis utilized is relevant to the proper disposition of the matter before us. As the Court noted,

[T]he nonfederal claim ... was asserted by the plaintiff, who voluntarily chose to bring suit upon a state-law claim in a federal court.... A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations....

437 U.S. at 376, 98 S.Ct. at 2404, 57 L.Ed.2d at 284.

The problem, of course, is that in the present case plaintiffs had to bring their FTCA action in federal court. Thus, plaintiffs have argued on the basis of *Gibbs, supra*, and its brief discussion of tort matters that only in a federal court could all of plaintiffs' case be tried together. Plaintiffs and defendant Pfautz recognize the division among the circuits with regard to pendent party jurisdiction, a division that ranges from wholesale rejection of the concept in the Ninth Circuit, *see, e.g., Ayala v. United States*, 550 F.2d 1196 (9th Cir.1977), to consideration of the concept when the anchor claim involves an exclusive grant of federal jurisdiction, *see, e.g., Stewart v. United States*, 716 F.2d 755 (10th Cir.1982); *Ortiz v. United States*, 595 F.2d 65 (1st Cir.1979).

We have read with particular interest the *Ortiz* and *Stewart* cases, *supra*, and also *Lamb v. United States*, 526 F.Supp. 1117 (M.D.Ga.1981) because both cases arose under the FTCA, the statute that forms the jurisdictional threshold of the matters now before us. In *Ortiz*, plaintiffs brought suit against the United States for the alleged negligence of a Veterans Administration hospital at which plaintiffs' decedent had been treated. Pursuant to 28 U.S.C. § 1345, the United States brought in a private hospital as a third party defendant, and plaintiffs thereafter unsuccessfully sought to amend their complaint to add a negligence count against the private institution. On an interlocutory appeal, the United States Court of Appeals for the First Circuit reversed the district court's holding that it lacked power to exercise ancillary or pendent jurisdiction and held that no statutory bar existed to preclude the exercise of such jurisdiction. The court concluded, however, by stating,

We leave it for the district court ... to decide on remand whether in this case there is sufficient compliance with the *Gibbs* criteria to meet Article III requirements. If the court should so find, it should then decide, as a matter of sound discretion, whether it is advisable for it to exercise its power over the nonfederal claim [citation omitted].

*Id.* at 73.

The *Stewart* court, although dealing with a different factual context than the one facing us, concluded that pendent party jurisdiction had been properly exercised over the driver of a government-owned vehicle that had run into plaintiff and severely injured him. The court noted,

> [W]e find no congressional disapproval of the exercise of such pendent party jurisdiction in the FTCA. The waiver of immunity, granting jurisdiction to the federal district courts of such tort suits against the Government, was made in "sweeping language." *United States v. Yellow Cab Co.,* 340 U.S. 543, 547, 71 S.Ct. 399, 402, 95 L.Ed. 523. Moreover the grant of jurisdiction was made exclusively to the federal courts. Thus there is no indication that Congress declined to extend federal jurisdiction over such a pendent party as was the case in *Aldinger.* *See* 427 U.S. at 16–19, 96 S.Ct. at 2421–23.

716 F.2d at 758.

The case most on point with the one now before us is *Lamb, supra,* a matter that was filed under the FTCA as a result of plaintiff wife's fall as she entered a post office. The federal court action was brought initially against the United States and the owner of the premises. Both of the plaintiffs and the defendant owner were residents of Georgia. The issues before the *Lamb* court were whether the doctrine of pendent jurisdiction conferred jurisdiction over the premises owner, a nondiverse party and if so, whether the court should exercise its discretion to retain jurisdiction over that party. In a comprehensive and thoughtful analysis, the court answered the first issue negatively and thus disposed of the second one.

The *Lamb* court recognized the holding in *Florida East Coast Railway Co. v. United States,* 519 F.2d 1184 (5th Cir.1975) "that where the United States is sued under the Federal Tort Claims Act a non-diverse party sued originally as a third-party defendant may be added and proceeded against as a defendant on account of the district court's pendent jurisdiction." 526 F.Supp. at 1126. The court, however, pointed out that the decision in *Florida East Coast Railway* predated the holdings of the Supreme Court in *Aldinger, supra,* and *Owen Equipment, supra.* After careful examination of the case law and extensive quotation from it, the *Lamb* court concluded,

> The [Federal Tort Claims Act] Act as passed in 1946 made no mention of those who may be joint tortfeasors with the employee of the United States. Congress in amending the Act has made no mention of those who may be joint tortfeasors with the employee of the United States.
>
> . . . .
>
> From 1789 until today diversity cases in United States courts have not been utilized to dispose of all claims arising out of an incident; only claims between diverse parties have been disposed of. Claims between non-diverse parties were resolved in state court. With 157 years of experience in the litigation of diverse claims in federal court and non-diverse claims arising out of the same incident in state court, that Congress has left the limited jurisdiction of United States courts concept undisturbed in amending the diversity jurisdiction statute and in enacting and amending the jurisdiction of tort claims against the United States statute indicates to this court that Congress intended in consenting for the United States to be sued to give United States courts jurisdiction only over those who sue the United States. Joint tortfeasors over whom jurisdiction does not otherwise exist were not intended to be swept into a United States court as part

and parcel of a lawsuit against the United States.

*Id.* at 1135.

Faced as we are with the contrasting views of pendent party jurisdiction under the FTCA, we have not found an easy solution to the proper disposition of the present matter. Nevertheless, we believe that the course to follow in the current action is one that recognizes that pendent jurisdiction may be exercised in the current action and that it should be. Plaintiffs have directed our attention to the case of *Tarasewicz v. United States*, 582 F.Supp. 90 (E.D.Pa.1984) (memorandum and order denying motion to dismiss). In *Tarasewicz* plaintiff's vehicle and one owned and operated by the United States Navy had been in an accident. Plaintiff initially sued the government under the FTCA and then instituted action against the two third-party defendants, both Pennsylvania citizens, whom the government brought into the case.

These defendants moved to dismiss, and their motion was denied, largely on the basis of the pronouncements in *Aldinger* regarding the propriety of exercising pendent party jurisdiction when an exclusive grant of federal jurisdiction is involved. The *Tarasewicz* decision concluded that no improper infringement upon the authority of state tribunals occurs when the primary claim in a matter must be tried in federal court.

In the present case the allegedly substandard medical treatment received by plaintiff husband began in early February, 1982, with several consultations/examinations by defendant Pfautz. Thereafter plaintiff was briefly treated by defendant Zeliger, and aspiration and culture studies were performed at defendant hospital on February 15, 1982. Plaintiffs' claim against the United States arose on or about February 24, 1982, when he was admitted to the Veterans' Administration Hospital in Lebanon, Pennsylvania. In April of 1982, plaintiff husband was treated at the Veterans' Administration Hospital in Philadelphia. We find that such medical malpractice claims are certainly ones that would be expected to be tried together and that there is a common factual nucleus. Moreover, although we do not espouse wholesale exercise of our discretion to hear non-federal claims against non-diverse defendants, in the current matter we feel that considerations of judicial economy, as well as convenience and fairness to the litigants, weigh heavily in favor of combining these medical malpractice claims into one action.

## IV. Conclusion

The decision we make to deny defendant Pfautz's motion to dismiss is a narrow one confined to the facts of the case before us. With respect to the FTCA, we recognize that not all claims under the statute should lead to combining these claims with non-federal claims against non-diverse parties. An appropriate order will be filed.